IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ANDREA MEYERS, | ) Bankruptcy Case No. 07-31915 |
| | ) |
| Debtor. | ) |
| LAURA K. GRANDY, Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adversary Case No. 08-3023 |
| | ) |
| C. T. HOLMES, | ) |
| | ) |
| Defendant. | ) |

OPINION

This matter having come before the Court on a Complaint to Avoid Lien filed by Trustee, Laura K. Grandy; the Court, having reviewed the Stipulation of Facts and written memorandum of law filed by the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and have been stipulated to by the parties as follows:

1. On March 22, 2007, Quality Pontiac, Inc. of Alton, Illinois, purchased a 2006 Pontiac Grand Prix from the Hertz Corporation. The Certificate of Title on the 2006 Pontiac Grand Prix was issued by the State of Hawaii, County of Maui.

2. The Debtor, Andrea Meyers, purchased the 2006 Pontiac Grand Prix on April 6, 2007. In purchasing the 2006 Pontiac Grand Prix, she traded in a used car upon which C. T. Holmes had a lien. C. T. Holmes loaned an additional $7,400, on April 6, 2007, enabling Andrea Meyers to purchase the 2006 Pontiac Grand Prix.

3. Quality Pontiac, Inc. completed Sections C, D, and E on the Hawaii Certificate of Title and forwarded the Hawaii Title, an Application for Certificate of Title containing the name and address of the lienholder, and the required fee to the Illinois Secretary of State. These documents were delivered to the Illinois Secretary of State within twenty-one days of the date of purchase.

4. The documents were returned by the Illinois Secretary of State to Quality Pontiac, Inc. for the reason that Quality Pontiac, Inc. had to title the 2006 Pontiac Grand Prix in its name before it could sell the vehicle. The Illinois Secretary of State Vehicle Services Policy required that the vehicle be titled in the name of Quality Pontiac, Inc. before the title on the 2006 Pontiac Grand Prix could be transferred.

5. Quality Pontiac, Inc. had C. T. Holmes, the lien holder, and Andrea Meyers execute an Affirmation of Correction. The Affirmation of Correction and an Application for Title in the name of Quality Pontiac, Inc. was sent, along with the Hawaii Certificate of Title to the Illinois Secretary of State to have the 2006 Pontiac Grand Prix titled in the name of Quality Pontiac, Inc.

6. Quality Pontiac, Inc. received an Illinois Certificate of Title on the 2006 Pontiac Grand Prix from the State of Illinois, dated June 19, 2007. Quality Pontiac, Inc. assigned the Illinois Vehicle Title to Andrea Meyers and completed a new Application for Title to the Illinois Secretary of State's Office, which was received by the Illinois Secretary of State on July 19, 2007.

7. The Certificate of Title was issued by the Illinois Secretary of State on August 23, 2007, to Andrea H. Meyers, reflecting the first lienholder as C. T. Holmes.

8. Andrea Meyers filed bankruptcy on September 25, 2007.

9. The Debtor was insolvent within ninety days prior to filing the bankruptcy.

10. To the extent the lien was not perfected until July 19, 2007, the lien was perfected within ninety days prior to filing.

11. To the extent the lien was not perfected until July 19, 2007, the lien allowed the Defendant to receive more than he would have received in a Chapter 7 litigation.

Conclusions of Law

This matter is governed by 11 U.S.C. § 547(b), which states:

(b) Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property -

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made -

(A) on or within 90 days before the date of filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if -

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Pursuant to § 547 of the Bankruptcy Code, the trustee in bankruptcy may avoid as a preferential transfer any lien that is perfected within ninety days of the filing of a bankruptcy petition. However, pursuant to § 547(c)(3)(B), lien avoidance is excepted where a lien is perfected on or before thirty days after the debtor receives possession of the property subject to the lien. The provision under 11 U.S.C. § 547(c)(3)(B) is referred to as the "enabling loan" exception and is governed by Federal law and may not be extended by compliance with a longer State law provision. See: Fidelity Financial Services Inc. v. Fink, 522 U.S. 211, at 213 (S.Ct. 1998). The Court in Fidelity Financial refused to extend the enabling loan

exception past the statutory exception period, and interpreted the bankruptcy preference recovery statute to imply, "that a transfer is 'perfected' only when the secured party has done all the acts required to perfect its interest, not at the moment as of which state law may retroactively deem that perfection effective." Fidelity Financial, at 216. In the instant case, the Debtor obtained the vehicle in question on April 6, 2007. Thus, in order to fall within the enabling loan exception, the Defendant, C. T. Holmes, must have performed all the required acts to perfect its lien on or before May 5, 2007, to fall within the exception of 11 U.S.C. § 547(c)(3)(B).

Perfection of a vehicle lien is governed by State law, and the method in Illinois for perfecting a security interest in a motor vehicle is set forth in § 3-302 of the Illinois Vehicle Code. 625 ILCS 5/3-302. Pursuant to § 3-302(b) a security interest is perfected by delivery of the existing Certificate of Title and an Application for Certificate of Title to the Secretary of State of Illinois containing the name and address of the lienholder and the required fee. In the instant case, Quality Pontiac, Inc. failed to first title the vehicle in question in its own name. This failure resulted in the rejection of the Application for Certificate of Title by the Illinois Secretary of State and the return of the documents to Quality Pontiac, Inc. Title was not issued to Quality Pontiac, Inc. until June 19, 2007, and it was not until July 19, 2007, that Quality Pontiac, Inc. was finally able to deliver the application for a new Certificate of Title containing the name and address of the lienholder, Defendant, C. T. Holmes, and the required fee to the Illinois Secretary of State. As a result of this delay, the lien in favor of Defendant, C. T. Holmes, was not perfected within the thirty day exception allowed under 11 U.S.C. § 547(c)(3)(B).

While the Debtor and Defendant, C. T. Holmes, argue that they did everything they could in order to have the lien timely placed on the vehicle, the facts of this case indicate that the Debtor could have simply waited to purchase the vehicle until Quality Pontiac, Inc. had the Illinois title to convey good legal title to the Debtor and a valid lien to Defendant, C. T.

Holmes. In order for the Defendant to prevail in this action, the Court must find that the original submission of the Hawaii Certificate of Title by Quality Pontiac, Inc. to the Illinois Secretary of State, together with the Application for Certificate of Title showing the Defendant's lien, was sufficient to perfect the lien. The Court cannot make such a finding because the Illinois Secretary of State rejected the application and delivery was not complete. The law is well settled that delivery of a vehicle title application "is fulfilled only when the Secretary of State receives the requisite title documents." See: In re Jarvis, 242 B.R. 172, at 178 (Bankr. S.D. Ill. 1999). The finding in Jarvis is supported by the Supreme Court's ruling in Fidelity Financial, supra, holding that for perfection purposes under the preference statute perfection does not occur until the secured party takes all steps required to perfect under State law.

Given that the lien of Defendant, C. T. Holmes, was not perfected until July 19, 2007, the transfer was within ninety days prior to the filing of the Debtor's bankruptcy petition. There is not dispute that the Debtor was insolvent within the ninety day period prior to the filing of her bankruptcy petition, and that the transfer in question resulted in a decrease in the value of assets available for the Debtor's remaining unsecured creditors as of July 19, 2007. As a result of the perfection of the lien, the Defendant, C. T. Holmes, received more than he would have received had the transfer not taken place and the Defendant received his pro rata share of the distribution to unsecured creditors in the Debtor's Chapter 7 bankruptcy proceeding. The debt owed to Defendant, C. T. Holmes, was an antecedent debt which was incurred on April 6, 2007, with the lien not attaching until July 19, 2007. As such, the transfer is question is clearly avoidable pursuant to the provisions of 11 U.S.C. § 547(b).

ENTERED:  July 15, 2008.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge

5